UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:21-CR-062-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ROBERT BILLY TAYLOR, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant's Motion to Dismiss Count III of the Indictment, [R. 15]. The United States responded, [R. 16], and Defendant replied, [R. 17]. This matter is ripe for consideration. For the reasons below, the Court will deny Defendant's Motion.

**I. BACKGROUND**

On May 18, 2020, Defendant, Robert Billy Taylor, appeared before Judge Robert Wier after pleading guilty to making and submitting a false record in violation of the Lacey Act. [R. 15, p. 2; R. 15–1 (Judgment)]; *see also United States v. Taylor*, No. 6:19-CR-054-REW-1. Judge Wier sentenced Defendant to three years of probation. *Id*. A few months later, on October 28, 2020, Judge Wier revoked Defendant's probation because he violated two conditions of his supervised release: (1) Defendant left the Eastern District of Kentucky without permission in violation of the travel restriction provision, and (2) he harvested and sold ginseng between September 1, 2020 and October 16, 2020 in violation of the special condition prohibiting his involvement in the sale of ginseng. *Id.* at 2–3; *see also* [R. 15–2, pp. 1–2 (Probation Violation Report); R. 15–3 (Judgment for Supervised Release Revocation)]. Taylor admitted guilt to these violations and subsequently served three months incarceration. [R. 15, p. 3]. On October 7, 2021,

a federal grand jury indicted Taylor on three counts, including illegal trafficking of ginseng from September 1, 2020 through October 21, 2020 in violation of the Lacey Act, Count III. [R. 1, p. 5, ¶ 14 (Indictment)].

On November 22, 2021, Defendant filed a Motion to Dismiss Count III of the Indictment. [R. 15]. Defendant argues that this Count violates the Double Jeopardy Clause of the Fifth Amendment. [R. 15, p. 3]. He contends that he cannot face prosecution and punishment for Count III because he already admitted to this violation in his probation revocation proceeding and served three months imprisonment for that conduct. *Id.* at 3–4. The United States responded, [R. 16], countering that double jeopardy does not bar prosecution of Count III. Defendant replied, [R. 17].

## II. ANALYSIS

Sixth Circuit precedent forecloses Defendant's double jeopardy argument. The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb. . .." U.S. Const. amend. V. The Double Jeopardy Clause protects individuals from "multiple punishments or repeated prosecutions for the same offense." *United States v. Dinitz*, 424 U.S. 600, 606 (1976). Importantly, double jeopardy *does not attach* to probation revocation proceedings. *United States v. Miller*, 797 F.2d 336, 340–41 (6th Cir. 1986) (finding that the government can prosecute a defendant despite its unsuccessful attempt to revoke his probation for the same conduct, because double jeopardy does not attach to probation revocation proceedings); *see also Wilson v. Mitchell*, 61 F. App'x 944, 946–47 (6th Cir. 2003) (holding that "federal appellate decisions . . . hold uniformly that double jeopardy does not apply to revocation of parole."); *United States v. Dowl*, 956 F.3d 904, 907 (6th Cir. 2020) ("Should the government press new charges based on the conduct that led to the

revocation of supervised release, double jeopardy does not apply."). When a court revokes a defendant's probation, it is not inflicting new punishment, but rather, reinstating a suspended punishment for the first offense. *Miller*, 797 F.2d at 340–41; *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) ("We therefore attribute postrevocation penalties to the original conviction."); *United States v. Flanory*, 45 F. App'x 456, 462 (6th Cir. 2002). Stated another way, a probation revocation proceeding is not a prosecution for the new offense. *Miller*, 797 F.2d at 341. The purpose of a probation revocation hearing is not to decide the circumstances of a new offense beyond a reasonable doubt; instead, the purpose is to determine if the defendant violated the conditions of his probation. *Id.*

Confronted with the relevant case law cited in the government's Response, [R. 16], Defendant confusingly states that he "is not arguing that probation revocation hearings do not apply to the Double Jeopardy Clause, but instead argues in this case, that the United States seeks to prosecute Mr. Taylor twice for the same offense and impose multiple punishments." [R. 17, p. 2]. Defendant goes on to argue that he "already has been penalized for the conduct (i.e. probation revoked and 90 day jail sentence imposed.)" *Id.* at 3. Contrary to Defendant's assertion, his argument relies on the faulty premise that the Double Jeopardy Clause applies to probation revocation proceedings. *See id*. Defendant has not yet been in "jeopardy" for Count III, because double jeopardy does not attach to his supervised release revocation. *See Miller*, 797 F.2d at 340–41. Further, Defendant's three-month incarceration related to his *original* violation of the Lacey Act, to which he pleaded guilty in May 2020, not the *new* Lacey Act violation charged in Count III. *See Johnson*, 529 U.S. at 700; *Flanory*, 45 F. App'x at 462. Therefore, the probation revocation proceedings before Judge Wier did not put Defendant in "jeopardy" and the three months Defendant spent incarcerated post-revocation did not constitute punishment for

Count III. *See id.* Accordingly, and with the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss Count III of the Indictment, [R. 15], is **DENIED**.

This the 22nd day of December, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY